Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
Ricardo J. Prieto (*to be admitted PHV*)
rprieto@wageandhourfirm.com
**WAGE AND HOUR FIRM**
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 498-7653
Fax: (469) 319-0317

*Counsel for Plaintiff, and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| ANDREA KEPLER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE TOPANGA, INC. D/B/A THE HOLIDAY,<br><br>    Defendant. | Case No: ___8:23-cv-01789_____<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA WAGE LAWS**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**PAGA ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andrea Kepler ("Kepler" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Original Complaint against Defendant Mike Topanga, Inc. d/b/a The Holiday ("Defendant" or "The Holiday"), showing in support as follows:

## I.     <u>INTRODUCTION AND NATURE OF ACTION</u>

1.    This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") to redress Defendant's violation of the federal minimum wage standards. Plaintiff brings this action as a collective action under 29 U.S.C. §

216 (b). The FLSA violation raised in this lawsuit is straightforward – Defendant does not pay its employees anything.

2.     This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendant's various violations of California State Law including: (1) failure to pay employees working in California state-mandated minimum wages, (2) failure to pay employees working in California overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty per week or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, (3) failure to pay employees working in California overtime compensation at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek, (4) failure to pay employees working in California all wages due within the time specified by law, (5) failure to afford its employees working in California with proper meal and rest periods, (6) for recordkeeping violations explained in greater detail below, and (7) for statutory penalties assessed in connection with PAGA. Plaintiff brings these claims as a class action under FED. R. CIV. P. 23.

3.     Defendant owns and manages two gentlemen's clubs located in Santa Fe Springs and in Fullerton, California, operating under the name "The Holiday."[1] Plaintiff, on behalf of herself and all others similarly situated, alleges that

---

[1]     https://www.theholidaygc.com/ (last visited on September 22, 2023).

Defendant employed her, and others similarly situated, and is liable for her damages and those of the putative Class and Collective Action Members.

4.      Plaintiff is a non-exempt former employee of Defendant who worked as an exotic dancer at Defendant's adult entertainment club in Santa Fe Springs, California. During her tenure as a dancer for Defendant, she did not receive the FLSA-mandated minimum wage for all hours worked.

5.      In fact, Defendant did not compensate Plaintiff whatsoever for any hours she worked at The Holiday gentlemen's club. Plaintiff's only compensation came in the form of tips received from club patrons. Moreover, Plaintiff was required to divide those tips with Defendant's management and other employees who do not customarily receive tips. Consequently, Defendant often failed to compensate Plaintiff and other workers like her at federal- and state-mandated minimum wage rates in a given workweek.

## II.      **THE PARTIES**

### A.      **Plaintiff Andrea Kepler**

6.      Plaintiff Andrea Kepler is an individual residing in Orange County, California. She has standing to file this lawsuit.

7.      Kepler was an exotic dancer employee of Defendant. She worked exclusively for Defendant at their Santa Fe Springs, California location in December 2022. In December 2022, Plaintiff worked approximately three shifts for a total of 15 hours. Plaintiff was not paid the minimum wage under federal and state law.

8.      Kepler's written consent to participate in this action is attached to this Complaint as "Exhibit 1."

**B.    Putative Collective Action Members**

9.    The putative Collective Action Members are all current and former exotic dancers who worked for Defendant at any The Holiday location at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action who did not receive minimum wage in a given workweek from Defendant.

10.    Plaintiff seeks to represent similarly situated Collective Action Members, who are seeking damages for claims of unpaid minimum wages pursuant to the FLSA, pursuant to 29 U.S.C. § 216(b).

**C.    Putative California Class Action Members**

11.    The putative California Class Action Members are all current and former exotic dancers who work or worked for Defendant at any The Holiday location in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action.

12.    Plaintiff seeks to represent the California Class Action Members, seeking damages for the California State Law Claims, described further below. Kepler is a proper class representative pursuant to FED. R. CIV. P. 23(a)(4).

**D.    Defendant Mike Topanga, Inc. d/b/a The Holiday.**

13.    Defendant Mike Topanga, Inc. is a California corporation that does business as The Holiday. Its principal place of business as listed with the California Secretary of State is 10915 Norwalk Blvd.; Santa Fe Springs, California 90670.

14.    Mike Topanga, Inc. d/b/a The Holiday may be served process through its registered agent, Jihad Hanna Maalouf, at 10915 Norwalk Blvd.; Santa Fe Springs, California 90670.

15. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III.    JURISDICTION AND VENUE

19. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

20. This Court also has supplemental jurisdiction over Plaintiff's California State Law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative fact.

21. This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

22. The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

Case No. 8:23-cv-1789
Original Complaint

## IV.    FACTUAL BACKGROUND
## (APPLICABLE TO ALL CLAIMS FOR RELIEF)

24.    Defendant classifies its exotic dancers, like Plaintiff, as non-exempt W-2 employees. However, Defendant does not pay its exotic dancer employees any wages. Instead, Defendant's exotic dancers rely entirely on tips they receive from club patrons.

25.    The entire sum a dancer receives from club patrons in tips is not given to Defendant and taken into its gross receipts. Instead, the dancers keep their share of their tips under a tip share policy instituted by Defendant and/or its management and pay over to Defendant's staff the portion they demand as their share.

26.    Specifically, Defendant "encourages" tip outs from dancers to its management, doormen, DJ, and security, by allowing those dancers who tip out to perform at its by invitation only "high roller" VIP parties.

27.    At no time was Plaintiff paid by Defendant at the applicable minimum wage for the approximate three shifts totaling 15 hours that she worked.

28.    All actions described above are willful, intentional, and the result of design rather than mistake or inadvertence. Defendant is aware that the FLSA applied to the operation of its clubs at all relevant times. Indeed, this is not the first time Defendant has been sued for wage and hour violations as it relates to its exotic dancers.

## V.    FLSA CLAIMS FOR UNPAID MINIMUM WAGES

29.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

30.    All conditions precedent to this suit, if any, have been fulfilled.

31.     At all times relevant to this lawsuit, Defendant is/was eligible and a covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

32.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

33.     At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

34.     At all relevant times, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

35.     The FLSA applied to Plaintiff and the putative Collective Action Members at all times that they worked as exotic dancers at The Holiday locations of Defendant.

36.     No exemptions to the application of the FLSA apply to Plaintiff or the putative Collective Action Members. Indeed, Defendant classified its exotic dancers as non-exempt W-2 employees.

37.     During the relevant time period, neither Plaintiff nor any putative Collective Action Member received money from Defendant in the form of wages, nor did they receive any other category of compensation (*e.g.*, bonuses, shift differentials, *per diem* payments) from Defendant. Plaintiff and putative Collective Action Members generated their income solely through tips they received from Defendant's customers when they performed dances for those patrons. Nonetheless, Defendant demanded a portion of the gratuity an exotic dancer would receive per dance.

38.     The money that Plaintiff and the putative Collective Action Members would receive from customers at The Holiday club locations is a tip, not a service charge as those terms are defined in relevant FLSA regulations. *See* 29 C.F.R. §§ 531.52, 531.53, & 531.55.

39.     Those tips received by Plaintiff and the putative Collective Action Members does not become part of the Defendant's gross receipts to be later distributed to the exotic dancers at a given location as wages. Instead, exotic dancers at The Holiday club locations merely pay the club a portion of their tips, which The Holiday pockets as pure profit.

40.     Plaintiff and the putative Collective Action Members are tipped employees under the FLSA, as they are engaged in an occupation in which they customarily and regularly receive more than $30 per month in tips. *See* 29 U.S.C. § 203(t).

41.     However, Defendant is not entitled to take a tip credit for the amounts Plaintiff and the putative Collective Action Members received as tips. 29 U.S.C. § 203(m) requires an employer to inform its employee that it intends to rely on the tip credit to satisfy its minimum wage obligations. Here, Defendant affirmatively informed Plaintiff and the Class Members that they would not be paid wages at all, much less paid a tip credit adjusted minimum wage.

42.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight

Case No. 8:23-cv-1789
Original Complaint

time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Defendants have failed to keep the aforementioned records despite their prior dealings with numerous wage and hour lawsuits. Defendants' continual failure to comply with and disregard of the FLSA's record keeping provision is willful and in violation of the law.

**C.    Collective Action Allegations**

43.    Plaintiff seeks to bring her claims under the FLSA on behalf of herself and all other exotic dancers who worked for The Holiday club locations in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

44.    Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other dancers at The Holiday location. As such, she has personal knowledge of the pay violations. Furthermore, other exotic dancer employees at Defendants' establishments have shared with her that they experienced similar pay violations as those described in this complaint.

45.    Other employees similarly situated to Plaintiff work or have worked for Defendant at its gentlemen's club locations without being paid a wage.

46.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendant's pay practices.

47.    The putative Collective Action Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

48.    The putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

49.    Defendant's failure to pay overtime compensation and minimum wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

50.    The experiences of Plaintiff with respect to her pay, or lack thereof, is typical of the experiences of the putative Collective Action Members.

51.    The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

52.    Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of the exotic dancer employees.

53.    Plaintiff proposes that the class of putative Collective Action Members be defined as:

**All current and former exotic dancers who worked at any The Holiday location from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.**

## VI.    CALIFORNIA STATE LAW CLAIMS

**A.    Controlling California State Law and Allegations**

54.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

55.    California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after

their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

56.    Defendant failed to pay Plaintiff and its exotic dancers wages pursuant to federal and state law, as was promised in its onboarding papers at the time of hire.

57.    When Plaintiff left her employment with Defendant, on information and belief, money was owed to her under as an employee. Plaintiff has not received any money from Defendant to date.

58.    As Plaintiff was an employee of The Holiday, Defendant's retention of money owed to her was a violation of California State Law.

59.    On information and belief, this pay practice is applicable to certain members of the putative California Class who are former employees of The Holiday yet were not paid for their work time pursuant to law.

60.    Furthermore, California law does not permit an employer to receive any part of a gratuity or tip, nor does it permit an offset or reduction against minimum wages due to employees based on tips received. Cal. Labor Code § 351.

61.    Likewise, California law does not permit tip-splitting with managers who have the ability to hire, discharge, supervise, direct or control the acts of an employee, as those managers are agents of the employer. Cal. Labor Code § 350. *See also*, *Jameson v. Five Feet Rest., Inc.*, 107 Cal. App. 4th 138, 143-144 (Cal. Ct. App. 2003).

62.    Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Class, defined below, were required to tender tips to

Defendant and those tips were unlawfully split with managers with the ability to hire, discharge, supervise, direct or control Plaintiff and the putative California Class.

63.    California Labor Code § 351 does not provide a private cause of action for employees to recover misappropriated tips. *See also*, *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 603-604 (Cal. 2010) (suggesting such claims could be pursued under theory of common law conversion). However, the violation has been found actionable under California's Unfair Competition Law ("UCL"). *See Matoff v. Brinker Rest. Corp.*, 439 F. Supp. 2d 1035, 1038-1039 (C.D. Cal. 2006) (permitting restitution).

64.    When on shift, Plaintiff and the putative California Class routinely worked in excess of five hour shifts. During their shifts, they were not permitted to take meal breaks during which time they were relieved of all duty.

65.    Moreover, Plaintiff and the putative California Class routinely worked in excess of four hours without being relieved of all duty for a ten-minute rest period.

66.    Plaintiff and the putative California Class never received timely, accurate, itemized wage statements including their hours of work completed.

67.    Defendant's actions described herein with regard to Plaintiff and the putative California Class were willful, intentional, and not the result of mistake or inadvertence.

68.    Defendant was aware that the California Labor Code, and other laws of the State of California applied to its operation of The Holiday locations at all relevant times.

69.    Defendant was aware of and/or the subject of previous litigation and enforcement actions relating to wage and hour law violations.

70.     Defendant was aware that their failure to pay minimum wage, overtime compensation, and that their retention of tips paid to Plaintiff and the putative California Class were unlawful pursuant to California State Law.

**B.     Class Action Allegations**

71.     Plaintiff brings her claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to FED. R. CIV. P. 23(a), (b)(2), & (b)(3).

72.     <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period at least one hundred individuals worked for Defendants in the State of California.

73.     <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 200-2699.5;

b.     Whether Defendant maintained a policy or practice of not paying wages to the putative California Class despite being its employees;

c.     Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of Cal. Labor Code §§ 226 & 1174;

d.      Whether Defendant unlawfully failed to provide the putative
California Class with meal and rest breaks, in violation of Cal. Labor Code §§
226.7 & 512;

e.      Whether Defendant's policy and practice of failing to pay the
putative California Class all wages due immediately upon discharge violates the
California Wage Payment Provisions elaborated above.

f.      Whether Defendant's policy and practice of failing to pay the
putative California Class all wages due within the time required by law after their
employment ends violates California law; and

g.      The proper measure of damages sustained by the putative
California Class.

74.    Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of
those of the putative California Class. Plaintiff, like other California Class
members, was subjected to Defendants' policy and practice of refusing to pay
wages owed to its exotic dancer employees in violation of California law.
Plaintiff's job duties and claims are typical of those of the putative California
Class.

75.    Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and
adequately represent and protect the interests of the putative California Class.

76.    Adequacy of counsel (FED. R. CIV. P. 23(g) – Plaintiff has retained
counsel competent and experienced in complex class actions, the FLSA, and state
labor and employment litigation. Plaintiff's counsel has litigated numerous class
actions on behalf of nonexempt employees asserting off-the-clock claims under the
FLSA and state law. Plaintiff's counsel intends to commit the necessary resources
to prosecute this action vigorously for the benefit of all of the putative California
Class.

77.     Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's common and uniform practice of not paying wages to its employee exotic dancers.

78.     Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully fail to compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

79.     Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

80.     Plaintiff proposes that the class be defined as:

**All current and former exotic dancers who worked at any The Holiday location in the State of California from any time starting four years prior to the date of the filing of the initial Complaint until the date the case resolves.**

81.    Plaintiff also brings this action as an aggrieved employee on behalf of herself and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.   CAUSES OF ACTION

### 1.    First Claim for Relief – Violation of the FLSA, Failure to Pay Statutory Minimum Wage and Overtime

82.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

83.    The foregoing conduct, as alleged, violated the FLSA.

84.    Plaintiff and the putative Collective Action are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

85.    Defendant was, and is, required to pay its employees, Plaintiff and the putative Collective Action, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

86.    Defendant failed to pay Plaintiff and the putative Collective Action the federally mandated minimum wage for all hours worked under forty in a given workweek. Defendant did not pay Plaintiff and Collective Action at all.

87.    Defendant was, and is, required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in an mount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

88.    Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek.

89.    Defendant also unlawfully retained certain tips paid Plaintiff and the putative Collective Action. Those tips were the sole property of Plaintiff and the

putative Collective Action and were not made part of Defendant's gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

90.    Furthermore, no tip credit applies to reduce or offset Defendant's liability under the FLSA, because Defendant did not inform Plaintiff and the putative Collective Action that it would be applying a tip credit to satisfy a portion of the statutory minimum wage, nor Plaintiff and the putative Collective action retain all tips except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

91.    Accordingly, Plaintiff and the putative Collective Action are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

92.    Defendant's conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to a three (3) year statute of limitations.

93.    Plaintiff seeks all damages to which she is entitled under the FLSA, including her back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.    Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

94.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

95.    Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

96.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL

prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

97.    Defendant committed and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

98.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.  The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.  California Labor Code § 1194, which provides in pertinent part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

c.  California Labor Code § 1182.12, which provides in pertinent part:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour;

d.  California Labor Code § 1182.13 and MW-2017, setting minimum wage for 2017 at $10.50 for employers with 26 or more employees;

e.  California Labor Code §§ 201-203, 226, 226.7, and 512;

f.   California Labor Code § 1174;

g.   California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee

and;

h.   California Labor Code § 351.

99.   Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

100.   The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

101.   Plaintiff, on behalf of herself and the putative California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate of not less than the minimum wage for all hours worked under 40 in a given workweek or under eight on a given day, and overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the

regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

102.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

### 3.    Third Claim for Relief – Minimum Wage Violations, Cal. Wage Order No. MW-2017; Cal. Labor Code §§ 1182.11, 1182.12, & 1194

103.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

104.    Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

105.    The California Labor Code requires that all employees be paid minimum wages by their employers. The current California Minimum Wage is $10.50. Cal. Labor Code. § 1182.12, MW-2017. Before January 1, 2017, the California Minimum Wage was $10.00; before January 1, 2016, the California Minimum Wage was $9.00; and before July 1, 2014, the California Minimum Wage was $8.00.[2]

106.    The California Minimum Wage is and has, at all times relevant to this lawsuit, always been higher than the minimum wage required by the FLSA. Therefore, the higher California Minimum Wage applies to Plaintiff and all members of the putative California Class, defined below. 29 U.S.C. § 218(a).

---

[2] *See generally*, State of Cal. Dep't of Indus. Relations, *History of California Minimum Wage* https://www.dir.ca.gov/iwc/MinimumWageHistory.htm (last accessed March 14, 2017).

107.    Defendant's policy and practice of not paying wages to its dancers, and instead requiring them to rely entirely on tips received directly from its club patrons, resulted in a violation of these minimum wage provisions.

108.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Class have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under eight hours per day ("straight time") during the period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages[3] and costs and attorneys' fees, pursuant to statute and other applicable law.

### 4.    Fourth Claim for Relief – Overtime Violations, Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 510, 1194

109.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

110.    Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

111.    California law requires an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess

---

[3] *See* Cal. Labor Code § 1194.2 (authorizing liquidated damages for an employer's failure to pay minimum wages).

of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

112.   California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative California Class, defined below, where they provide greater protections to workers. 29 U.S.C. § 218(a).

113.   Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative California Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

114.   Defendant's policy and practice of not paying wages to its dancers, and instead requiring them to rely entirely on tips received directly from its club patrons in weeks where they worked overtime, resulted in a violation of these overtime wage provisions.

115.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**5.    Fifth Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 218.5, 226.7, & 512**

116.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

117.    Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

118.    Defendant was, at all times relevant to this claim for relief, joint employers of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code §350(a).

119.    Plaintiff and the putative California Class routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relived of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and Wage Order No. 10-2001, § 11(A) & (B).

120.    In addition, Plaintiff and the putative California Class regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by California Labor Code § 226.7 and Wage Order No. 10-2001, § 12.

121.    As a result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the putative California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 10-2001, § 11(D).

122.    As a result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the putative California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to § 226.7 and Wage Order No. 10-2001, § 12(B).

**6.      Sixth Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 226, 1174, &1174.5**

123.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

124.    Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

125.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter* alia, hours worked, to Plaintiff and the putative California Class in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to Plaintiff and the putative California Class by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the putative California Class as required under California Labor Code § 1174(d).

126.    Plaintiff and the putative California Class are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**7.      Seventh Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, &203**

127.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

128.   Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

129.   California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

130.   Plaintiff and the putative California Class members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

131.   More than thirty days have passed since Plaintiff and certain putative California Class members left Defendant's employ.

132.   As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**8.     [RESERVED] Eighth Claim for Relief – California PAGA Claims Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 2698-2699.5**

133.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

134.   Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

Case No. 8:23-cv-1789
Original Complaint

135.   Defendant was, at all times relevant to this claim for relief, joint employers of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code §350(a).

136.   Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

137.   Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the putative California Class, failure to keep and furnish them with records of hours worked, failure to provide them with meal and rest breaks, misappropriation of tips, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

138.   Plaintiff alleges, on behalf of herself and the putative California Class, as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 10-2001, Cal. Labor Code §§ 201-203, 510, 512, 1174, 1174.5, 1182.11, 1182.12, 1194. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil

penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

139.    Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

140.    Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a), for Defendant's violations of the California Labor Code and relevant IWC Wage Orders for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

141.    On September 25, 2023, Plaintiff provided written notice by electronic submission to the California Labor & Workforce Development Agency ("LWDA") and by certified mail to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Plaintiff awaits a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust her administrative remedies and will amend her pleadings in connection with such exhaustion when appropriate to assert the reserved claims pleaded in this section.

Case No. 8:23-cv-1789
Original Complaint

142.    Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order No. 10 that are alleged in this Complaint.

## VIII.  JURY DEMAND

143.    Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which she and the putative Collective and California Class Action Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

144.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and California Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

    c.    Designation of Plaintiff as a Representative of the California Class Action Members;

    d.    Designation of attorneys Ricardo J. Prieto and Melinda Arbuckle, of WAGE AND HOUR FIRM, as Class Counsel for the California Class Action Members;

    e.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

    f.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    g.    An award of damages including all unpaid wages at the FLSA or state-mandated minimum wage rate, overtime compensation for all hours worked over forty in a workweek or, in California, over eight hours in a day and for the first eight hours worked on

- 28 -    Case No. 8:23-cv-1789
Original Complaint

the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek, and all misappropriated tips, liquidated damages, and restitution to be paid by Defendant;

h.     Appropriate statutory penalties;

i.     Costs of action incurred herein, including expert fees;

j.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.     Pre-judgment and post-judgment interest, as provided by law;

l.     Such other injunctive and equitable relief as the Court may deem just and proper.

DATED:  September 22, 2023.

Respectfully submitted,

By:     s/Melinda Arbuckle
        Melinda Arbuckle

Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
Ricardo J. Prieto (*to be admitted PHV*)
rprieto@wageandhourfirm.com
**WAGE AND HOUR FIRM**
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 498-7653
Fax: (469) 319-0317

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

Case No. 8:23-cv-1789
Original Complaint